IN THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

ROSALINA TAMAYO,

    Plaintiff,

v.

                              Case No: 09-16052

TARGET CORPORATION,
a foreign corporation,              Div.: K

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, ROSALINA TAMAYO, sues Defendant, TARGET CORPORATION, a Foreign corporation, and alleges:

### COMMON ALLEGATIONS

1. This is an action for damages that exceed $15,000.00.

2. Plaintiff, ROSALINA TAMAYO, is a citizen of the State of Florida.

3. Defendant, TARGET CORPORATION is a corporation organized and existing under the laws of the State of Florida.

4. On or about December 18, 2007, Plaintiff, ROSALINA TAMAYO, was legally on the premises of Defendant, TARGET CORPORATION located at 11627 West Hillsborough Avenue, Tampa, Florida, (herein after referred to as Premises).

5. As Plaintiff, ROSALINA TAMAYO, was shopping at the Premises, she slipped and fell and sustained severe personal injuries. These injuries were sustained when Plaintiff, ROSALINA TAMAYO, slipped and fell on something wet on the Premises.

## COUNT I

6. Paragraphs 1 through 5 above are incorporated herein as if set forth again in full.

7. At all times material hereto, the Defendant, TARGET CORPORATION, owed a duty to the public and, specifically, to the Plaintiff, ROSALINA TAMAYO, to keep its property and/or the property under its care, custody and/or control in a reasonably safe condition.

8. Defendant, TARGET CORPORATION, breached that duty by allowing a wet substance to remain on the floor of the Premises where Plaintiff, ROSALINA TAMAYO, could slip and fall.

9. Defendant, TARGET CORPORATION, negligently failed to inspect the Premises for dangerous conditions such as the presence of the wet substance, when it knew, or in the exercise of reasonable care, should have known that such materials were on the floor of the Premises or would likely be on the floor of the Premises, and that such materials would greatly increase the risk that customers, including Plaintiff, ROSALINA TAMAYO, would slip and fall on the Premises.

10. Defendant, TARGET CORPORATION, negligently failed to warn Plaintiff, ROSALINA TAMAYO, of the aforementioned dangerous condition on the Premises when it knew, or in the exercise of reasonable care, should have known that it existed.

11. As a direct and proximate result of the negligence of Defendant, TARGET CORPORATION, as stated above, Plaintiff, ROSALINA TAMAYO, slipped, fell and sustained serious injuries.

12. As a direct and proximate result of the negligence of Defendant, TARGET CORPORATION, as stated above, Plaintiff, ROSALINA TAMAYO, underwent extensive medical treatment and rehabilitative care.

13. As a direct and proximate result of Defendant's, TARGET CORPORATION, negligence, Plaintiff, ROSALINA TAMAYO has suffered and will continue to suffer great physical pain and mental anguish, and has incurred expenses in an attempt to cure and/or treat the injuries she sustained.

14. As a direct and proximate result of Defendant's, TARGET CORPORATION, negligence, Plaintiff, ROSALINA TAMAYO, has been and will continue to be unable to perform his normal and daily activities.

WHEREFORE, Plaintiff, ROSALINA TAMAYO, demands judgment against Defendant, TARGET CORPORATION, for money damages, including costs, and any other relief this court deems appropriate and a trial by jury.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant with service of process.

_____
DAVID A. PAPA, ESQ.
PAPA & GIPE, P.A.
1724 Gulf to Bay Blvd.
Clearwater, FL 33755
PH: 727-461-4357
FAX: 727-443-3030
Florida Bar No: 0348170
Attorney for Plaintiff

/gs